UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WAYNE SIGSBY,

  Plaintiff,

v.  Case No. 1:18-CV-105

RICK SNYDER, et al.,  HON. GORDON J. QUIST
  Defendants.
            /

## **OPINION**

Plaintiff, Robert Wayne Sigsby, proceeding pro se, has filed a complaint against various State of Michigan and Kalkaska County officials and Northern Credit Bureau, a private entity. The caption of Sigsby's complaint states, "Complaint for violation of Constitutional rights 42 U.S.C. 1983." The complaint requests no relief from this Court.

On February 22, 2018, the magistrate judge issued an order granting Sigsby leave to proceed *in forma pauperis*. (ECF No. 6.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings"). The Court must read Sigsby's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Stated differently, "[a]lthough liberal construction requires active interpretation of the filings of a pro se litigant, it has limits. Liberal construction does not require a court to conjure allegations on a litigant's behalf, and a

pleading must provide notice to the opposing party of the relief sought." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (internal citations omitted).

For the reasons set forth below, Sigsby fails to state a claim and his complaint must be dismissed as required by § 1915(e)(2).

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Other than identifying the persons being sued, Sigsby's complaint literally contains no facts. The complaint cites and quotes cases and statutes, and sets forth legal statements and jargon, but contains not the slightest hint of who did what that might have violated Sigsby's rights. The complaint is not even vague; a defendant reading it would have no clue what he or she did wrong. Therefore, his complaint is frivolous and must be dismissed. *See Bell v. United States*, No. 13-CV-05378, 2013 WL 5524109, at *1 (E.D.N.Y. Oct. 4, 2013) (dismissing the complaint because it "contain[ed] no facts to enable the defendant to understand the claims against it"); *Shields v. Adams*, No. 4:10CV1598 AGF, 2010 WL 3487255, at *1 (E.D. Mo. Aug. 30, 2010) ("The instant complaint does not make sense and contains no facts that would entitle Plaintiff to relief.").

An Order consistent with this Opinion will be entered.


Dated: March 5, 2018                    /s/ Gordon J. Quist
                                                                             GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE